(No. 14377.—Reversed and remanded.)

HERMAN SCHEWE *et al.* Appellants, *vs.* ROBERT B. GLENN *et al.* Appellees.

*Opinion filed February 22, 1922—Rehearing denied April 13, 1922.*

1. CONSTITUTIONAL LAW—*statute may be valid as to future contracts although invalid as to existing contracts.* A statute claimed to impair the obligation of contracts, in violation of the constitution, may be invalid as to contracts existing at the time of its passage but valid as to future contracts, as the law existing when a contract is made becomes a part of it, and contracts entered into after a statute is in force are not protected by the constitutional provision against impairment.

2. DRAINAGE—*section 44 of Levee act, as amended in 1919, is valid as applied to district subsequently organized.* Section 44 of the Levee act, as amended in 1919, providing a method for dissolving a levee drainage district before any contract has been let for the construction of the work, is not invalid as applied to a district organized after the amendment was in force, even though no method is provided for paying the preliminary expenses incurred by the commissioners. (*Deneen* v. *Deneen,* 293 Ill. 454, distinguished.)

THOMPSON, J., dissenting.

APPEAL from the County Court of Cass county; the Hon. C. A. E. MARTIN, Judge, presiding.

J. J. NEIGER, EDWARD C. CRAIG, DONALD B. CRAIG, JAMES CRAIG VANMETER, and FRED H. KELLY, for appellants.

JESSE BLACK, JR., and W. H. DIETERICH, (LYMAN LACEY, JR., of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

A petition of land owners was filed in May, 1920, in the county court of Cass county, for the organization of Griggs Chapel Drainage and Levee District under the Levee act. A hearing was had after due and proper notice given, and the county court entered an order finding the petition was sufficient, that the proposed drainage was necessary for the

reclamation of the land, and appointed three commissioners to examine the land and make report as required by section 9 of the Levee act. The commissioners filed their report on September 1, 1920, showing they had investigated the land, and with the assistance of engineers employed by them had adopted a plan of the proposed work and estimates of its cost, which they filed with their report for the consideration of the court. A hearing was had on the commissioners' report, and October 30, 1920, the court entered a judgment declaring the district organized. An assessment roll of benefits and damages was filed by the commissioners May 16, 1921. On June 9, 1921, and before there was any hearing on the assessment roll, a majority in number of the land owners owning more than one-half the land in the district filed their petition in the county court praying that the whole system of the proposed work be abandoned and the district abolished. The petition was filed under authority of section 44 of the Levee act as amended in 1919. By the amendment the following provision, which is involved in this case, was added to section 44: "And at any time before the contract for the construction of the proposed works shall have been made, upon presentation to the county court of a petition signed by a majority in number of all the land owners of such district, and owning more than one-half in area of lands in the district to which the petitioners belong, praying that the whole system of proposed works may be abandoned and the district abolished, the court shall enter upon its record an order granting the prayer of such petition, upon condition that the petitioners pay all court costs within thirty (30) days from the rendition of such order. If such petitioners fail to comply with such order, it shall be considered after the expiration of said thirty (30) days as of no force or effect whatever. If the district be abolished under this section, assessments collected shall be refunded to the persons who have paid the same, or their representatives: *Provided,* that the petitioners shall have the right

to withdraw from said petition upon the same grounds and in the same manner as is provided by section four (4) of the act to which this act is an amendment." (Laws of 1919, p. 440.) Two of the commissioners filed a motion that the petition be disallowed and dismissed at the cost of the petitioners. The matter was set down for hearing and was continued from time to time until the 13th day of September, 1921, when a hearing was had, and the court entered an order dismissing the petition at the cost of the petitioners. This appeal is prosecuted from that judgment.

The petition for abandonment of the district alleged that no contract for construction of the proposed work had been made, and this is not controverted. An assessment roll had been filed but had not been confirmed because the petition to abolish the district was filed before a hearing was had on the confirmation of the assessment roll. Appellees' motion to dismiss the petition set out the history of the organization of the district and alleged the commissioners had incurred obligations on behalf of the district "on account of per diem and expenses, expert witness fees in litigation, engineers' fees in making surveys and plans, attorney fees, publisher's fees, transportation charges, etc., to the amount of approximately twelve thousand dollars, ($12,000,) which said contractual obligations, and the amounts thereof, the undersigned commissioners stand ready and hereby offer to prove." The motion to dismiss also alleged that the provision of section 44 under which the petition to abolish the district was filed, violated the provisions of both Federal and State constitutions prohibiting the passage of any law impairing the obligation of contracts, and the validity of that provision is the sole question presented.

It will be observed this district was organized after the statute referred to was enacted and went into effect. The Federal constitution provides that no State shall pass any law impairing the obligation of contracts, and our State

constitution that no law impairing the obligation of contracts shall be passed. The contracts set up in this case were not in existence when the statute was enacted, and the question is whether the act as applied to those contracts is in violation of the State and Federal constitutions. This same provision of the statute was before the court in *Deneen* v. *Deneen*, 293 Ill. 454. In that case a petition was filed to abolish a drainage district which had been previously organized but no contract had been let for the construction of the work. The county court dissolved the district. There, as here, the commissioners had incurred obligations for engineers' fees, attorney fees and other expenses, but the judgment dissolving the district required the petitioners to pay the court costs, only, and made no provision for the payment of the other expenses incurred. The case came to this court for review, and it was contended by the plaintiffs in error that the provision of section 44 referred to impaired the obligation of contracts and was therefore unconstitutional. This court said, in substance, that the statute did not by its terms purport to abrogate or change any contract or destroy the remedy provided by law for the performance of any contract; that such a law might be valid in cases to which it applied without impairing any constitutional right and was not wholly void, but if it interfered with constitutional rights dependent upon the existence of contract obligations and its application impaired such obligations, when so applied it would be unconstitutional. The court said: "In this case there were contracts entered into and expenses incurred within the express terms of the statute, and the remedy provided by the law for payment was a special assessment on lands of the district. The right was a contractual right, which could and would be enforced by the courts and which the State was prohibited from impairing in any manner. As applied to a case where no contract obligation has been entered into and no expenses incurred and the payment of court costs will leave no ob-

ligation of the district, the operation of the statute would not deprive anyone of a constitutional right, but the statute as applied in this case by the order of the court is in violation of the constitutional prohibition against impairing the obligation of contracts. The costs and expenses incurred were not paid, satisfied or released, and the order of the court was destructive of a remedy provided by the law and prohibited by the constitutional provision."

Great reliance is placed on the above decision by appellees to sustain their contention that the law is unconstitutional. They say this case is identical with the facts in that case. There is no reference to or statement made in the opinion in the *Deneen case* when the district involved in that case was organized. It is important in determining the applicability of the *Deneen case* to this case to know whether the district in that case was organized and contract obligations incurred after the passage of the statute, as is true in this case. The record in the *Deneen case* shows the district was organized and the obligations were incurred prior to the passage of the statute, and in its opinion the court did not consider the statute in its application to districts organized after its passage, for no such question was involved or raised in the case. What the court decided was, that the statute as applied to the facts in that case was invalid. Whether the statute as applied to this case is invalid is a different question. A statute tending to impair the obligation of a contract may be invalid as to contracts existing at the time of its passage but valid as to future contracts. The law existing at the time a contract is made becomes a part of it, and the constitutional provision has reference only to a statute enacted after the making of a contract. We believe these rules are universally applied by courts. The cases are too numerous to quote. Some of them are *Burdick* v. *People,* 149 Ill. 600; *Parrott* v. *Kumpf,* 102 id. 423; *Ford* v. *Chicago Milk Shippers' Ass'n,* 155 id. 166; *Barrett* v. *Boddie,* 158 id. 479; *Oshkosh Waterworks*

*Co.* v. *Oshkosh,* 187 U. S. 437; *Pinney* v. *Nelson,* 183 id. 144; *Greenwood* v. *Union Freight Railroad Co.* 105 id. 13; *Chicago, Burlington and Quincy Railroad Co.* v. *Cram,* 228 id. 70. The rule is well stated in 6 R. C. L. sec. 315, p. 326: "The provision of the constitution which declares that no State shall pass any law impairing the obligation of contracts does not apply to a law enacted prior to the making of the contract the obligation of which is claimed to be impaired, but only to a statute of a State enacted after the making of the contract. The obligation of a contract cannot properly be said to be impaired by a statute in force when the contract was made, for in such cases it is presumed that it was made in contemplation of the existing law. The State, therefore, may legislate as to future contracts as it may see fit, and, accordingly, if a law is prospective, only, it is valid. Though a statute tending to impair the obligation of a contract be inoperative as to contracts existing at the time of its passage, it may nevertheless be valid and operative as to future contracts."

At the time this district was organized and the obligations incurred the statute had been in force more than a year. Under the law certain work must necessarily be done and expenses incurred before a district is declared organized, and if, after organization and before any contract is let for the construction of the proposed work, a district is dissolved, no provision is made for the payment of any expenses incurred preliminary to the judgment of organization except the court costs. This may seem a hardship, but as said in *Barrett* v. *Boddie, supra:* "The contract is made with reference to the law as it exists, and the law thus becomes a part of the contract." The persons with whom the commissioners contract for the preliminary services must be presumed to know the law. That a public corporation may be dissolved without making any provision for the payment of its obligations and its creditors left to rely on faith in the legislature for payment was decided

in *Barkley* v. *Commissioners,* 93 U. S. 258. At any rate, the only question we are permitted to consider and determine is whether the statute as applied to contracts made after its enactment is unconstitutional. In obedience to the law as settled by the authorities we hold the statute as applied to the facts in this case is not unconstitutional. The county court erred, therefore, in denying the relief prayed by appellants and dismissing the petition.

The judgment is reversed and the cause remanded, with directions to the county court to grant the prayer of the petition.    *Reversed and remanded, with directions.*

Mr. JUSTICE THOMPSON, dissenting.