(No. 15153.—Appeal dismissed.)

WILLIAM BOSSERT *et al.* Appellees, *vs.* THE GRANARY CREEK UNION DRAINAGE DISTRICT NO. I.—(R. D. GREGG, Appellant.)

*Opinion filed February 21, 1923—Rehearing denied April 10, 1923.*

1. DRAINAGE—*engineer is not entitled to be made party to proceeding to abolish district—appeal.* An engineer employed by farm drainage commissioners to make plans for the work of the proposed district is not authorized to become a party to a proceeding to abolish the district under section 44 of the Farm Drainage act as amended in 1919, and although the district is indebted to the engineer for his services he is not entitled to appeal from an order abolishing the district, as the amendment requires only that the court costs be paid and does not protect the commissioners in any claim they may have for services nor anyone who has rendered them any assistance if the petition for the abandonment of the district is filed before a contract is made for construction of the work.

2. SAME—*amendment of 1919 to section 44 of Farm Drainage act does not impair the obligation of contracts.* The amendment of 1919 to section 44 of the Farm Drainage act, authorizing the abolishment of an entire district on a proper petition before any contract is let for the construction of the work, does not impair the obligations of any contract entered into after the amendment went into effect, whereby the commissioners employ help in making plans for the proposed district, and although the application of the amendment may be harsh in not protecting the rights of the contracting parties in such case, the amendment is not unconstitutional.

3. PRACTICE—*when court may allow a party to intervene.* The authority of a court to permit a person not made a party to a suit to intervene and be made a party exists only when a full and com-

plete determination cannot be had without such person being made a party, and the intervening party must have an interest in the subject matter involved that will be adversely affected unless he is made a party.

APPEAL from the County Court of Kankakee county; the Hon. JAMES T. BURNS, Judge, presiding.

W. R. HUNTER, and MILLER & STREETER, for appellant.

FRANK J. BURNS, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Granary Creek Union Drainage District No. 1, in Kankakee county, was declared by a judgment of the county court in December, 1920, organized as a drainage district under the Levee act. Commissioners were appointed, who employed an engineer and other assistance and reported plans for the work of draining the lands embraced in the district. On the first day of May, 1922, before any contract had been made for the construction of the work, a petition of the required number of land owners was filed in the county court praying that the district be abolished. It is conceded the petition was in proper form. The petition was not answered. At a hearing on the petition on June 9 the district was declared by the county court abolished upon petitioners paying all the court costs within thirty days. Thereafter the commissioners filed a petition and motion to vacate the order of June 9 and for leave to answer the petition to abolish the district. The court allowed the motion of the commissioners, granted them leave to answer the petition and continued the case to July 23. The commissioners answered the petition to abolish the district, setting up, *inter alia,* that they had employed R. D. Gregg, an engineer, to make plans, profiles, plats and specifications for the work and agreed to pay him for his services; that they had also employed an attorney and agreed

to pay him for his services; and the answer averred the legislature was unauthorized, under the constitution, to pass any law that would impair said contracts. The case was finally heard August 29, and an order and judgment again entered that the district be abolished on the payment of all the court costs, amounting to $302.17, within thirty days. The commissioners excepted and prayed an appeal, which was allowed on filing bond and bill of exceptions. At the same term of court the commissioners, two of whom had just been appointed to succeed two of the old commissioners, filed a motion to vacate the order allowing an appeal by the commissioners. The motion was allowed and the order vacated. Thereupon Gregg filed a petition for leave to be made a party defendant to the proceedings to abolish the district and for leave to adopt the answer of the commissioners. He alleged there was due him for services rendered, $6000. He prayed the order abolishing the district be vacated and that a hearing be had on the petition and his answer. The court overruled a motion of the commissioners and the petitioners to strike the petition and motion of Gregg from the files and entered an order vacating the judgment of August 29 abolishing the district "in so far as R. D. Gregg is concerned, otherwise said order to stand," and it was further ordered that Gregg be permitted to adopt the answer of the commissioners to the petition filed June 21, and the cause was continued to September 29 for hearing on the petition and answer of Gregg. On September 29 the court entered an order finding if Gregg had rendered services under a contract with the commissioners the contract was not for the construction of the work contemplated by section 44 of chapter 42 of Hurd's Statutes, and again entered an order abolishing the district. Gregg prayed and was allowed an appeal to this court, by which he brings the case here for review.

Appellees contend appellant had no right to be made a party to the proceeding; that the order allowing him to

become a party was erroneous; that he has no authority to prosecute this appeal and this court has no jurisdiction to entertain it.

On the merits the questions presented by the appeal are the same as the questions presented and decided contrary to appellant's contention by this court in *Schewe* v. *Glenn,* 302 Ill. 462, but we are unable to see by what right appellant could be made a party to the proceeding and prosecute an appeal from the judgment abolishing the district. Sec-. tion 44, prior to the amendment of 1919, authorized the county court, upon the petition of a majority of the adult land owners of the district representing one-third of its area, to direct the commissioners to abandon any drain, ditch, levee or other work if satisfied justice toward the land owners required it. Upon the filing of a petition, notice was required to be given by the clerk, as provided by section 3 of the act. If the court determined any portion of the work should be abandoned, it was required to ascertain to what extent the cost of the proposed work should be diminished thereby, and if assessments of benefits had been made such portion of the assessments should be abated according to the modified or altered plans, and if assessments had been collected they were required to be returned. The last sentence of the section as it existed prior to 1919 is: "And the court may make any other or further order in pursuance of the objects of this section of this act, as justice to all persons whose interest may be affected by it may require." Appellant contends that he was a party interested and had a right to be heard and to be made a defendant to the proceeding. This proceeding was not under the statute as it existed prior to the amendment of 1919. The amendment was merely an addition to the statute as it existed, authorizing the abandonment of a part of the work of the district, and was added to section 44 for the purpose of authorizing the entire district to be abolished. The amendment provides that at any time before the contract

is made for the construction of the proposed work a petition may be presented to the county court, signed by a majority, in number, of the land owners who own more than one-half of the lands in the district, praying that the whole system of the proposed work may be abandoned and the district abolished. On the presentation of such petition "the court shall enter upon its record an order granting the prayer of such petition, upon condition that the petitioner pay all court costs within thirty days from the rendition of such order." The amendment is mandatory and contains no provision that the court may make such further order as justice to all persons whose interests may be affected by it may require. The only persons who may be interested in the result of the proceeding and whose interests are protected are the officers to whom the court costs are payable. The amendment does not protect the commissioners in any claim they may have for services nor anyone who has rendered them any assistance, if the petition is filed before a contract is made for the construction of the work. The amendment plainly contemplates that expenses might have been incurred before the petition is filed, for it requires, if the district is abolished, that assessments collected shall be refunded. The only expenses required to be paid are the court costs.

The authority of a court to permit a person not made a party to a suit to intervene and be made a party exists only when a full and complete determination cannot be had without such person being made a party. The intervening party must have an interest in the subject matter involved, which may be adversely affected unless he is made a party. (*Wightman* v. *Evanston Yaryan Co.* 217 Ill. 371; *Cambria Iron Co.* v. *Union Trust Co.* 154 Ind. 291.) In this case the only questions to be determined by the court were whether the petition was sufficient and whether any contract had been made for the construction of the work. If those questions were found in favor of the petitioners the statute

is mandatory that the district must be abolished, the only condition being that all the court costs must be paid within thirty days from the rendition of the order, and if the costs are not paid within thirty days the order is to be of no force or effect whatever. The 1919 amendment, it is true, is a drastic provision, but as applied to contracts made after it went into effect it is not unconstitutional. (*Schewe* v. *Glenn, supra.*) Its harshness is a matter for legislative consideration. Appellant had no interest that was required to be or that could be protected or determined in the proceeding. He was not authorized to become a party nor to prosecute an appeal from the judgment abolishing the district.

The appeal is dismissed.      *Appeal dismissed.*