(No. 16739.—Judgment reversed.)
THE CITY OF CHICAGO, Appellee, *vs.* W. MATTHIES *et al.* Appellants.

*Opinion filed February 18, 1926—Rehearing denied April 7, 1926.*

1. CONSTITUTIONAL LAW—*general rule as to when an ordinance delegates legislative power.* A legislative body may authorize others to do those things which it might properly but cannot understandingly or advantageously do, but a law, to be valid, must be complete when it leaves the legislative body, and an ordinance which leaves to an executive officer the definition of the thing to which the ordinance applies, such definition not being commonly known, is an unwarranted and void delegation of legislative power.

2. MUNICIPAL CORPORATIONS—*"rooming· house" provisions of Chicago building code are invalid.* The provisions of the Chicago building code which relate to rooming houses and their regulation are invalid, as leaving to the discretion of the building commissioner the determination as to what is a rooming house.

3. WORDS AND PHRASES—*term "rooming house" is not one of generally accepted definition.* The term "rooming house," as used in a municipal code specifying certain structural requirements for such houses, is not a term of such generally accepted meaning as to dispense with a definition of the term in the ordinance.

APPEAL from the Municipal Court of Chicago; the Hon. THEODORE F. EHLER, Judge, presiding.

SCHUYLER, ETTELSON & WEINFELD, for appellants.

FRANCIS X. BUSCH, Corporation Counsel, and SAMUEL E. PINCUS, (ALBERT H. VEEDER, BARNET HODES, MARK J. MCNAMARA, ROY S. GASKILL, and W. ARNOLD AMBERG, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the municipal court of Chicago against appellants to recover a penalty for a violation of section 726 of the municipal code of the city of Chicago relating to buildings, as it existed at the time of this action. The cause comes here on the certificate of the trial judge that the validity of an ordinance is involved.

The charge against appellants is, that they have converted their property from a class of buildings known in the ordinance as class 6, which includes apartment buildings, to a building known as class 2*b*, which includes hotels, lodging houses and rooming houses, without having secured the permit required by section 726 and without having shown compliance with the additional structural requirements of class 2*b*.

Section 726 provides that where buildings such as come within the classes mentioned in the building code are to be applied to uses of buildings of another class for which a better system of construction is required, such buildings shall first be made to conform to the requirements of such class. This section also prohibits putting any building to a use different from that of the class to which its structure and equipment adapt it, unless permission shall be first obtained from the commissioner of buildings and the requirements of such other class have been complied with. There was also introduced in evidence section 632 of the municipal code relating to buildings, which created class 6, and provided that buildings within that class should include "every tenement house and apartment house or building,

320—23

or portion thereof, used or intended to be used as a home or residence for two or more families living in separate apartments." Section 634 defines an apartment as "a room or suite of two or more rooms occupied or intended or designed to be occupied as a family domicile." Section 448 relates to class 2b, and includes "every building used for hotel, club, lodging or rooming house purposes, where such building has sleeping accommodations for twenty or more persons." The charge is that appellants changed their building from a class 6 building to a rooming house under class 2b without making the changes required by the building code and obtaining a permit for such change of use. Appellants, on the other hand, contend that their building is still an apartment building under class 6, and is occupied as one, two and three-room apartments, and that the ordinance is invalid.

The evidence shows that the building is three stories in height and originally had two apartments on each floor, of seven or eight rooms each, and that it had been in use as an apartment building for a number of years. Appellants purchased this building in 1923 and changed the construction of its rooms in such a way that each room could be rented separately, making of the various rooms of the building what are commonly known as "kitchenette apartments." The rooms have been let to individuals or families. Most of the rooms have a lavatory. There are six three-room suites, each having private bath and toilet facilities. For the other rooms there is a bath and toilet room on each floor. Each room may be reached by a door leading to a hallway. Some of the suites of rooms have gas stoves. There are forty-six rooms in the building,—twenty-eight single rooms and six three-room suites. The single rooms are connected by doorways. The evidence shows that none of the tenants stayed less than a week, some stayed a month or two and some over a year; that the average length of tenancy was six or seven months; that

the building usually had about sixty tenants, and that changes took place on an average of six or seven a month.

Appellants contend that this ordinance is invalid as a delegation of legislative authority to the building commissioner, for the reason that it does not define a "rooming house," as that term is used in the ordinance, but leaves to the building commissioner the matter of determining when a structure is a rooming house and when it is not. The language, "every building used for hotel, club, lodging or rooming house purposes, where such building has sleeping accommodations for twenty or more persons," contains the only reference to a rooming house to be found in the ordinance. While section 634 defines an apartment, no definition of a rooming house is to be found in the ordinance. It has long been the rule in this State that the legislative department may authorize others to do those things which it might properly but cannot understandingly or advantageously do. (*Spiegler* v. *City of Chicago,* 216 Ill. 114; *Arms* v. *Ayer,* 192 id. 601; *People* v. *Reynolds,* 5 Gilm. 1.) The rule also is, however, that a law, to be valid, must be complete when it leaves the legislature. By article 3 of the constitution the powers of government are divided into three departments. Each department is to perform the duties assigned to it and no department may exercise the powers properly belonging to either of the other two. (*Saxby* v. *Sonnemann,* 318 Ill. 600; *North* v. *Board of Education,* 313 id. 422.) The city council, under the powers granted to it by the legislature, has authority to define a rooming house, and before that body imposes restrictions upon the use of a rooming house it is necessary either that the term be so generally understood as to need no definition or the ordinance must define it, otherwise the ordinance is incomplete. An ordinance which leaves to an executive officer the definition of the thing to which such ordinance applies, such definition not being commonly known, is an unwarranted and void delegation of legislative power to an

executive officer. *People* v. *Sholem,* 294 Ill. 204; *Kenyon* v. *Moore,* 287 id. 233; *North* v. *Board of Education, supra; People* v. *Vickroy,* 266 Ill. 384; *Sheldon* v. *Hoyne,* 261 id. 222; *Noel* v. *People,* 187 id. 587; *City of Chicago* v. *Trotter,* 136 id. 430.

Appellee cites the case of *Block* v. *City of Chicago,* 239 Ill. 251, where an ordinance giving to the chief of police the power to determine whether a moving picture or a series of such pictures is immoral or obscene was not an unwarranted delegation of legislative authority to that official. The decision in that case is based on the fact that the average person of ordinary intelligence knows the meaning of the words "immoral" and "obscene" and can intelligently apply the test to any picture presented to him, and that those words are their own definition. Such may not be said of the term "rooming house." While an "apartment" is defined by the ordinance as a "room or suite of two or more rooms," nothing is indicated by way of definition of a rooming house from which it may be determined whether one occupying a single room is living in an apartment or a rooming house. Until such definition is given by the ordinance it must be supplied by the officer who executes the ordinance. We may not, therefore, know the law until he speaks. As the definition of a rooming house is not found in the ordinance and the term is not one of generally accepted definition, it seems clear that there is no limitation on the power of the commissioner to determine when a building is being used for a rooming house. Such is an unwarranted delegation of legislative authority to an executive officer. Those provisions of the ordinance which relate to rooming houses and their regulation are invalid as contravening article 3 of the constitution.

The judgment of the municipal court is therefore reversed.                                                *Judgment reversed.*