(No. 20675

THE PEOPLE, for the use of Harry Moore, Appellant, *vs.*
J. O. BEEKMAN & Co., Inc. *et al.*—(THE MASSACHU-
SETTS BONDING AND INSURANCE COMPANY, Appellee.)

*Opinion filed December 17, 1931—Rehearing denied Feb. 3, 1932.*

SILBER, ISAACS, SILBER & WOLEY, (SAMUEL LEVIN, DONALD N. CLAUSEN, and HERBERT W. HIRSH, of counsel,) for appellant.

HENRY G. FERNCASE, for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

This is an action of debt brought in the name of the People, for the use of Harry Moore, appellant, against J. O. Beekman & Co., a corporation, and the Massachusetts Bonding and Insurance Company, a corporation, for damages for alleged breaches of an indemnity bond given by Beekman & Co. as principal and the Massachusetts Bonding and Insurance Company as surety, under section 23 of the Illinois Securities act, as amended June 26, 1929. (Smith's Stat. 1931, p. 2596.) The Massachusetts Bonding and Insurance Company demurred to the declaration on the ground that section 23 was unconstitutional. The trial court sustained the demurrer and an appeal was prosecuted to this court.

The declaration alleged four breaches of the bond, which was for $7500. It was executed August 16, 1929, and it was approved and filed by the Secretary of State. The conditions of the bond were, that Beekman & Co. would comply with the Illinois Securities law; that it would conduct its business so as not to work a fraud; that it would make all sales of securities without material misrepresentations

and account to all persons for all money received by it in payment of securities, that it would deliver the same to the purchaser or person entitled thereto when they were paid for and due to be delivered, and that it would faithfully and truly perform all things required under the Securities law as specified in the bond. The breaches alleged in the first two counts of the declaration were, that in August, 1929, Beekman & Co. falsely and fraudulently represented to Harry Moore that the General Motors Company had declared a twenty per cent stock dividend payable to stockholders of record September 10, 1929; that Beekman & Co. knew this representation was false, and it was made for the sole purpose of inducing Moore to buy General Motors Company common stock; that Moore, relying upon this representation and believing the same to be true, deposited $1950 with Beekman & Co. with instructions to buy General Motors Company common stock, and that no dividend was declared and Moore was thereby damaged. The third and fourth counts alleged that Beekman & Co. failed to purchase the stock and fraudulently converted to its own use the money which Moore had deposited with it.

The only ground of reversal urged by appellant is that section 23 of the Securities act, as amended in 1929, is not unconstitutional. That section as amended in 1925 (Laws of 1925, p. 549,) provided for the registration of owners, dealers, brokers, solicitors and agents before they were authorized to sell securities. A $2000 bond, with terms, conditions and in the form to be approved by the Secretary of State, with a surety company satisfactory to the Secretary of State as surety, was required. The Secretary of State was also authorized, in his discretion, to require a bond in a larger amount, not in excess of $50,000. The section further provided that the applicant, after furnishing a bond and paying a fee of $25, "and on such other reasonable conditions as may be imposed by the Secretary of State," might become a registered owner, dealer and broker; also

that solicitors and agents of good repute appointed by an issuer or registered owner, dealer or broker might become registered by paying a fee of five dollars, "and on such other reasonable conditions as may be imposed by the Secretary of State." This court in *People* v. *Federal Surety Co.* 336 Ill. 472, held that this section was unconstitutional on the grounds that it was an attempted delegation of legislative power to the Secretary of State; that it was not complete when it came from the legislature; that no one could tell the amount of the bond required for the license or the conditions which it should contain until the Secretary of State had fixed the amount, the terms and the conditions in each particular case, and that it contained no rules for determining these questions.

Section 23 was amended on June 26, 1929, and this amendment is in controversy in this case. It must be assumed that the legislature in enacting the amendment of 1929 had before it the decision in the *Federal Surety Co. case,* and that the intention was to overcome the defects in the former law pointed out by this court and that it intended by the new act to remedy the defects pointed out in the former law. (*People* v. *Solomon,* 265 Ill. 28.) The question therefore is whether these defects have been cured. This amendment of 1929 eliminates from the first paragraph of the act of 1925 the provisions which this court declared objectionable and three paragraphs were added. The first additional paragraph requires that the applicant shall furnish a bond of not less than $2000 nor more than $50,000, conditioned that he will comply with the Securities law, that he will conduct his business so as not to work a fraud, that he will make sales without material misrepresentations, that he will account to persons interested for money and property received, and deliver securities to purchasers or persons entitled thereto when paid for and due to be delivered, "with terms and in form to be approved by the Secretary of State" and with satis-

factory surety. It also provides as follows: "In fixing the penalty of such bond the Secretary of State shall investigate and take into consideration the proposed method of transacting business and the financial standing of the applicant for registration, and the experience, ability and general reputation for integrity of such applicant, or in the case of a corporation of its officers, managers and principal agents, and shall fix such a penalty as in his opinion will protect from loss, persons dealing with such applicant if registered. The action of the Secretary of State in refusing to register any owner, dealer, broker, solicitor or agent or his action in fixing the penalty of any bond shall be subject to review in the circuit court of Sangamon county in the same manner and with the same rights as provided in section 18 of this act."

The above paragraph of the act of 1929 empowers the Secretary of State to require of the applicant a bond, conditioned as therein set forth, with terms and in form to be approved by him. Webster's Dictionary defines the word "terms" as synonymous with the word "conditions." If the legislative intent was merely to allow the Secretary of State discretion in prescribing the form of the obligation it could easily have so stated, but it did not do so. After stating the conditions of the bond the Secretary of State is authorized to include other terms not specified in the act. Some effect must be given to the word "terms." Its meaning is neither vague nor indefinite and it cannot be disregarded. When the meaning of the language of a statute is plainly expressed, courts cannot attribute to it a different meaning even where they may be of the opinion that the language was unwise and seriously impairs the act as a whole. (*Downs* v. *Curry,* 296 Ill. 277.) By the language used the legislature, in effect, empowered the Secretary of State to prescribe terms and conditions in addition to those specified in section 23, and such authority, under the constitution, cannot be delegated to that officer.

The enactment of 1929 attempted to establish rules to serve as a guide to the Secretary of State in fixing the amount of the bond. It sets out three factors which the Secretary of State is to investigate and consider: First, the proposed method of transacting the business; second, the financial standing of the applicant; and third, the experience, ability and general reputation for integrity of the applicant, or if a corporation, of its officers, managers and principal agents. This section does not fix a standard of qualifications or fitness for applicants. There is nothing to indicate how much experience or ability or what amount of capital shall be necessary to justify the Secretary of State in fixing the bond at the minimum amount and when the maximum amount shall be required. While the manner of executing a law must necessarily be left to the reasonable discretion of an administrative officer and the exercise of that discretion does not constitute the exercise of judicial power, (*Italia America Shipping Corp.* v. *Nelson,* 323 Ill. 427,) yet in the absence of rules by which the administrative officer may be guided in the exercise of that discretion the law is incomplete. (*People* v. *Federal Surety Co. supra; City of Chicago* v. *Matthies,* 320 Ill. 352; *People* v. *Sholem,* 294 id. 204.) All of the guides given to the Secretary of State for determining the amount of the bond leave to him his own interpretation and definition of the terms used in the statute. A law vesting discretionary power in an administrative officer without properly defining the terms under which his discretion is to be exercised is void as being an unlawful delegation of legislative power. *City of Chicago* v. *Matthies, supra; People* v. *Sholem, supra; Kenyon* v. *Moore,* 287 Ill. 233; *People* v. *Vickroy,* 266 id. 384.

The purpose of the Securities act is to protect the public from deceit and prevent fraud in the sale and disposition of securities within the State. (*Stewart* v. *Brady,* 300 Ill. 425.) One of the factors to be taken into consid-

eration by the Secretary of State under the present section 23 in determining the amount of the bond is the financial standing of the applicant. It may be presumed that under this provision applicants of high financial standing would not be required to furnish as high a bond as applicants of lower financial standing, because the public would be more adequately protected in dealing with the former than with the latter even in the absence of a bond. The effect of this would be to discriminate between equally worthy applicants because of their financial standing. It is the duty of the legislature to make the provisions of all statutes reasonable, so as to give to all classes fair and equal treatment under the law. (*People* v. *Kastings,* 307 Ill. 92.) A law which vests an administrative officer with a discretion which is purely arbitrary and which may be exercised in the interest of a favored few is invalid. *Noel* v. *People,* 187 Ill. 587.

Appellant contends that even if it be conceded that the classification is arbitrary the surety cannot be heard to complain. This contention was decided to the contrary in *People* v. *Federal Surety Co. supra.* The provision for review of the action of the Secretary of State by the circuit court of Sangamon county does not lessen or regulate the arbitrary powers vested. The court is limited to a determination as to whether the Secretary of State acted within the authority vested in him by the legislature, and it has no more authority than has an administrative officer to perform a legislative function. *North* v. *Board of Education,* 313 Ill. 422.

Section 23 as amended in 1929 is unconstitutional, and the judgment of the superior court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*