(No. 21456.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ISADORE OTTMAN *et al.*—THE LEXINGTON SURETY AND
INDEMNITY COMPANY, Appellant.)

*Opinion filed October 21, 1933.*

LAVERNE NORRIS, for appellant.

OSCAR E. CARLSTROM, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, GRENVILLE BEARDSLEY, and OTHO S. FASIG, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Isadore Ottman was indicted in the criminal court of Cook county for robbery while armed with a dangerous weapon. He was admitted to bail in the sum of $10,000,

with the Grand Central Surety Company as surety. A jury found him guilty on April 14, 1931. The court thereupon increased the bail to $15,000, and Ottman entered into a recognizance in that sum with the Grand Central Surety Company as surety, conditioned that he would appear on April 16, the date set for a hearing on his motion for a new trial, and from day to day thereafter until discharged by order of the court, and that he would answer the charge against him, abide the final order of the court and not depart without leave. The name of the surety was afterwards changed to Lexington Surety and Indemnity Company. On April 16, 1931, motions for a new trial and in arrest of judgment were overruled and the defendant was sentenced to the penitentiary at Joliet. Upon his motion the court allowed sixty days for presenting a bill of exceptions, and ordered that "the issuance of the *mittimus* in this cause be and the same is hereby stayed to and including the sixteenth (16th) day of May, A. D. 1931. Present bond to stand." Further orders were afterwards entered staying the execution of the *mittimus* to and including October 6, 1931. On October 15, 1931, an order was entered declaring the recognizance forfeited. A *scire facias* was issued and served upon the surety. It filed pleas of *nul tiel record, nil debet,* and release and discharge. The People traversed the first plea. Demurrers to the other two pleas were sustained. The facts were stipulated. The court found the issues on the plea of *nul tiel record* for the plaintiff and rendered judgment against the defendants for $15,000 and costs. From that judgment the Lexington Surety and Indemnity Company has prosecuted an appeal to this court.

Appellant's contentions are, that Ottman's appearance in court when judgment was rendered against him fulfilled every condition of the recognizance and rendered it *functus officio;* that the order continuing the recognizance in force altered its terms by extending its obligations, thereby releasing the surety; that the order of the court, and also the act

of 1917 upon which said order was based, impair the obligations of the contract, violate the due process clause of the constitution, and are therefore void; that said act imposes a condition which is burdensome and in effect requires excessive bail, and that it attempts to amend section 4 of division 3 of the Criminal Code, relating to recognizances, (Smith's Stat. 1931, par. 612), without inserting at length therein the section amended, and violates section 13 of article 4 of the constitution.

The order staying the issuance of the *mittimus* and continuing the recognizance in force was entered pursuant to section 12 of division 14 of the Criminal Code. (Ibid. par. 780.) That section provides: "Whenever any defendant has been convicted of any criminal offense, which under the law is bailable, and sentence has been imposed, and such defendant desires to prosecute a writ of error to either the Appellate or the Supreme Court, upon application to the presiding judge a reasonable time shall be fixed by said presiding judge in which to make application to the Supreme or Appellate Court, or some one of the justices thereof, for a *supersedeas,* during which time if the defendant shall have been admitted to bail the recognizance shall continue in force, or if he shall not have been admitted to bail then said presiding judge shall' fix the amount of recognizance, and shall suspend the issuing of the *mittimus* for commitment during such reasonable time: Provided, that said presiding judge may in his discretion increase the amount of such bail and require the defendant to enter into a new recognizance during such time."

Before the enactment of said statute trial courts had no authority to admit a person convicted of crime to bail after sentence had been imposed. Upon the arrest of an accused he was held in custody unless he gave bail for his appearance at a specified time to answer the charge. When he gave sufficient bail he was released to the custody of his sureties, and they undertook, under the penalty fixed

in the recognizance, to produce him at the proper time to answer for the offense charged, abide the final sentence or order of the court and not depart without leave. If he was convicted and sentenced to imprisonment the bail's responsibility and right to his custody were ended and it became the duty of the sheriff to take him into custody. If the sheriff failed to do so his neglect did not continue the liability of the bail. The only way the convicted person could legally avoid imprisonment pending a review of his case was to sue out a writ of error and have it made a *supersedeas* upon his giving bail. In the interim between final judgment in the trial court and the issuance of a *supersedeas* neither the trial court nor the reviewing court had any authority to admit the prisoner to bail. It was to meet this condition that the General Assembly passed the act of 1917.

Neither the court nor the legislature can extend or alter the terms of a recognizance after its execution, but the power of the legislature to prescribe the terms of a' future recognizance cannot be doubted. The law existing at the time a contract is made becomes a part of it. The constitutional provision denying the power to pass any law impairing the obligation of a contract has reference only to a statute enacted after the making of a contract. (*Schewe* v. *Glenn,* 302 Ill. 462; *Burdick* v. *People,* 149 id. 600; *Barrett* v. *Boddie,* 158 id. 479; *Pinney* v. *Nelson,* 183 U. S. 144; *Oshkosh Waterworks Co.* v. *Oshkosh,* 187 id. 437; *Chicago, Burlington and Quincy Railroad Co.* v. *Cram,* 228 id. 70.) The act as it now stands was passed in 1917. The recognizance was entered into in 1931. The liability of the surety was continued by an express provision of the statute in force when the recognizance was executed. Neither the order of the court nor the statute impaired the obligation of the recognizance. The objections that the order denominated the recognizance a "bond" and failed to fix the time it was to continue in force are immaterial.

The act does not provide for notice to the surety, and it is urged that it violates the due process clause of the constitution. We cannot agree with this contention, because when the surety entered into the recognizance it knew the statute contemplated a continuation of liability pending an application for a *supersedeas*, if made. Indeed, it was unnecessary that an order be entered continuing the recognizance in force. The statute expressly provides that it shall so continue when the defendant seeks a *supersedeas*.

Division 3 of the Criminal Code relates to bail before conviction. The provisions for *supersedeas* after conviction are found in sections 3 to 7, inclusive, of division 15 of that code. The act of 1917 amends division 15 by adding the section in controversy. The added section provided a new remedy but did not otherwise affect the existing law. It does not purport to amend any other section of the statute and is complete within itself. A subsequent statute may incidentally have the effect of amending a prior statute without violating the constitution. An independent act complete within itself as to the subject with which it deals is not within the prohibition of section 13 of article 4 of the constitution. *Nelson* v. *Hoffman,* 314 Ill. 616; *People* v. *Edmands,* 252 id. 108; *People* v. *Exton,* 298 id. 119.

The amendment merely provides for release on bail pending an application for a *supersedeas,* and we are unable to perceive how it can be said to require excessive bail.

Appellant's several contentions that the act of 1917 is unconstitutional are not well founded. The recognizance was in full force when the default was entered, and the action of the trial court in rendering judgment for appellee was correct.

The judgment is affirmed.

*Judgment affirmed.*