INDEMNITY INS. CO. *v.* PHILIPPI.
INDEMNITY INS. CO. *v.* EHLEN.
INDEMNITY INS. CO. *v.* SCUDDER.

(Decided January 30, 1934.)

*Mr. Phil S. Bradford* and *Mr. Charles S. Druggan,* for plaintiff in error.

*Messrs. Morton, Blanchard & TouVelle* and *Mr. Ernest Cornell,* for defendants in error.

KUNKLE, J.   The three above entitled cases were submitted to this court together, as it was agreed by counsel that a similar question controls the three cases.

In the lower court, in each of the cases, one of the present defendants in error was plaintiff, and in all the plaintiff in error was defendant.   We will refer to the parties as they appeared in the lower court.

In brief, it appears in the amended petition in the case of Marjorie Philippi, the first above mentioned case, that the defendant Frank D. Bush & Company filed with the Commissioner of Securities of the state of Ohio its application for a license as a dealer in securities within the state of Ohio for the year 1929; that Section 6373-3 of the General Code of Ohio at that time provided that an applicant for such a license should file with his application therefor a bond in the

sum of at least $10,000, with such surety thereon as said Commissioner of Securities should require, conditioned to secure the faithful observance by such dealer in securities of the provisions of Sections 6373-1 to 6373-24, both inclusive, General Code, and to indemnify and save harmless any purchaser of any securities so sold by such dealer, or any agent of such dealer, who suffers loss by reason of any misrepresentations in the sale of such securities by such dealer or any agent of such dealer; that the defendant Frank D. Bush & Company and the defendant Indemnity Insurance Company of North America, pursuant to the provisions of Section 6373-3, General Code, and for the purpose of complying therewith and thereby securing the issuance to said defendant, Frank D. Bush & Company, of such a license as a dealer in securities, on or about December 11, 1928, filed with such Commissioner of Securities an indemnity bond in the sum of $10,000, conditioned as provided in Section 6373-3, General Code. The petition further avers that the bond so tendered was accepted, and recites the sale of certain stock to the plaintiff, which it is claimed was sold through the misrepresentations of Frank D. Bush & Company and its authorized agents.

An issue was joined by the pleadings, and the case was submitted to a jury, with the result that the jury found in favor of the plaintiff.

Motion for a new trial having been filed and overruled, and judgment entered upon the verdict, error is prosecuted to this court.

In a consideration of the cited cases the constitutionality of Section 6373-3, General Code, is necessarily involved. The defendants insist that paragraph (d) of said section is unconstitutional and void for the reason, in brief, that the Legislature has not provided any rule or condition by which the commissioner shall be governed in determining the amount of the bond. Counsel for plaintiff contend that the section in ques-

tion is constitutional, but assert that if it should be held otherwise then the defendants by their conduct are estopped from raising the question of the constitutionality of said section.

From our consideration of the case we are of opinion that the section of the Code in question is constitutional. It therefore becomes unnecessary to consider the question as to whether the defendants are or are not estopped from raising that question.

In addition to the authorities cited in the briefs of counsel, there has also been filed with us the written decision of the Court of Appeals of Guernsey county in which the constitutionality of the section of the Code in question was involved. We refer to the case of *Hague* v. *Bush,* affirmed May 2, 1934, *Bush* v. *Hague,* 128 Ohio St., 342, 191 N. E., 5.

The opinion in the *Hague case,* written by Judge Pollock, reviews many of the authorities cited by counsel in the case at bar. Our consideration of the authorities leads us to the same conclusion as that reached by the Court of Appeals of Guernsey county.

Upon a consideration of the records in the three above mentioned cases, we find no error therein which we consider prejudicial to plaintiff in error, and the judgment in each of said cases will therefore be affirmed.

*Judgments affirmed.*

HORNBECK, P. J., and BARNES, J., concur.