(No. 24698.— ▮▮▮▮▮▮▮)
The People, for use of Elizabeth Bergen, Appellee, *vs.* The Gerold Storage, Packing and Moving Company *et al.*—(Andy Voss, Appellant.)

*Opinion filed December 15, 1938—Rehearing denied Feb. 8, 1939.*

John T. Thomas, and Giffin, Lindner, Newkirk & Jones, (C. Terry Lindner, of counsel,) for appellant.

Felsen & McMurdo, and L. H. Degnan, for appellee.

Mr. Justice Wilson delivered the opinion of the court:

The People brought an action in the circuit court of St. Clair county for the use of Elizabeth Bergen against Andy Voss, surety on a warehousemen's bond given by the Gerold Storage, Packing and Moving Company under section 3 of the Warehousemen's act of 1921, to recover the

amount of a judgment previously obtained by her against the storage company. A motion to strike Voss's answer to the amended complaint was sustained, he elected to abide by his motion, and judgment for $1940.15, and costs, was rendered in favor of the use-plaintiff. The defendant, Voss, has appealed directly to this court, the validity of section 3 of the Warehousemen's act of 1921 (Smith-Hurd Stat. 1933, chap. 111⅔, par. 111 *et seq.*) being presented for decision.

The act of 1921 (since repealed) required every person engaged in the business of storing personal property for hire to obtain a license from the Illinois Commerce Commission. Section 3, so far as pertinent, provided: "Each applicant for a license shall file with the commission a bond with security to be approved by the commission, conditioned for the observance of the provisions of this act and the rules, regulations, orders, and decisions of the commission, and for the payment of any judgment recovered by any person by reason of the damage to or loss of personal property stored with the applicant. The commission shall adopt reasonable rules classifying persons, firms or corporations licensed under the provisions of this act, according to the number of warehouses or places to be used for the storage of personal property, the space to be devoted to that purpose and the character of protection afforded by such warehouse; and shall fix the amount of the bond to be filed by the applicant in accordance with its rules, but the bond required shall in no case be less than $5000 nor more than $100,000."

To obtain a reversal of the judgment against him defendant makes the contention, among others, that this section permits an undue delegation of legislative power to the Commerce Commission in violation of article 3 of the constitution. He asserts that by requiring a bond conditioned upon the observance by warehousemen of all "rules, regulations, orders and decisions of the commission," the

General Assembly has vested the commission with broad discretionary powers without providing definite standards to guide its judgment. In our opinion, however, only the validity of the portion of section 3 requiring applicants for licenses as warehousemen to give bond to assure payment of judgments rendered against them is before us for consideration since only this condition is in issue in the present case. If section 3 is constitutional to the extent a bond is required for such purpose, it is immaterial that other clauses of section 3 imposing additional conditions may be subject to attack, as the clauses are clearly severable. (*Champlin Refining Co.* v. *Corporation Commission,* 286 U. S. 210; *People* v. *Long,* 297 Ill. 194.) Nor are the conditions of the bond requiring observance of the regulations and decisions of the commission so related to the statutory condition in question here that a decision holding the former invalid would necessarily render the bond void. *Chicago, Burlington and Quincy Railroad Co.* v. *City of Aurora,* 99 Ill. 205.

The authority granted to the commission under section 3 to classify warehousemen, and vary the amount of the bond accordingly, is likewise assailed as an arbitrary and illegal delegation of legislative power. Three standards have been set up by the General Assembly to guide the commission's judgment: (1) The number of warehouses owned by an applicant; (2) the space devoted to the storage of personal property, and (3) the character of protection the warehouses afford. Defendant claims that the first standard is indefinite because the statute neither defines the word "warehouse" nor states whether bonds shall vary in amount in direct proportion to the number of warehouses owned. The term "warehouse," however, has a commonly accepted meaning making further definition unnecessary. Should differences of opinion arise in a marginal case, judicial review of the commission's determination is always available. The legislative intent is likewise clear that the penalties of the bonds should not increase in direct proportion to the

number of warehouses owned, since the number is but one of the three elements which the commission must consider in fixing amounts. Nor is it improper to empower the commission to determine the weight to be given each element in a particular case. (*People* v. *Hawkinson*, 324 Ill. 285.) The second standard, namely, "the space to be used for warehouse purposes," is challenged because the statute does not specify whether "space" means cubic capacity of the building or its area. The legislature undoubtedly intended the commission, in the exercise of the discretion granted, to use both methods of measurement. A requirement that either mode be used exclusively would result in obvious injustice, as the determination of the amount of floor space of a particular building which may be used for storage depends upon the articles stored therein. As to the third standard, defendant complains because the kind of protection which must be afforded by a warehouse is not prescribed with particularity. Further specification would have been impractical. The effectiveness of the protection afforded by a particular warehouse depends upon the injuries to which the goods customarily stored therein are susceptible. Any workable statute of this type must, of necessity, permit the agency enforcing it to determine the "character of protection afforded" by reference to the facts in each particular case.

All of defendant's objections to the standards provided in section 3 relate to the determination of details in the administration of the act; they do not result in the delegation to the commission of unlimited discretionary power. Neither power to make the law, nor discretion as to what the law shall be, has been delegated. On the other hand, the legislature has conferred an authority or discretion upon the Commerce Commission as to the execution of the Warehousemen's act, to be exercised under and conformably to the law itself. As we said in *People* v. *Wilson Oil Co.* 364 Ill. 406: "The General Assembly cannot deal with

the details of each particular case that may arise in the administration of an act but must necessarily leave such to the reasonable discretion of administrative officers, and the exercise of such discretion does not constitute the exercise of legislative power."

*People* v. *Federal Surety Co.* 336 Ill. 472, and *People* v. *Beekman & Co.* 347 id. 92, relied upon by the defendant, are not decisive of the present case. In the former case, section 23 of the Securities act was held to confer legislative power on the Secretary of State because it provided no standards to guide him in fixing conditions and amounts required by the statute relating to brokers and dealers in securities. In the latter case, the same section, as amended, was held invalid because the standards added by the legislature permitted the Secretary of State to give his "own interpretation and definition of the terms used in the statute." Section 3 is not vulnerable on this score. If a statute, when enacted, is as complete in detail as is reasonably practical when considered in relation to its subject matter, it is not subject to attack on the ground of an undue delegation of legislative power. (*Milstead* v. *Boone,* 301 Ill. 213.) The act in question here satisfies this requirement.

Defendant's remaining contention which requires consideration is that section 3 deprives him of his property without due process of law in contravention of constitutional guaranties of the Federal and State constitutions. In particular, he insists that section 3 denies him due process because it does not provide notice to the surety of the institution and pendency of a suit against his principal. To support this contention, defendant places reliance upon *Taylorville* v. *Central Illinois Public Service Co.* 301 Ill. 157. There, upon the authority of section 29 of the Workmen's Compensation act, an employer, the city of Taylorville, sued a third party whose negligence was claimed to have caused an injury to an employee of the city for which compensation had been awarded. Rejecting the contention

that the award of the Industrial Commission should be the measure of damages, this court pointed out that if a negligent third party were not permitted to question the extent of his liability in the civil suit, he would be denied due process of law. This decision is not, however, applicable here. Defendant overlooks the fact that his liability is not based upon any fault of his own but rather upon an express contract to pay any judgment rendered against his principal. Since it is generally held that a surety voluntarily undertaking an obligation of this character is not entitled to notice of a pending suit against his principal, (*Sauer* v. *Detroit Fidelity & Surety Co.* 237 Mich. 697; 21 R. C. L. 1088, and cases cited,) a statute failing to provide for such notice cannot be said to result in a denial of due process of law to the surety. *People* v. *Ottman,* 353 Ill. 427.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*