The Honorable Bobby L. Glover State Senator Post Office Box 1 Carlisle, Arkansas 72024-0001
Dear Senator Glover:
I am writing in response to your request for an opinion on two questions regarding Act 1864 of 2005, which requires all "designated representatives" and "installers" of individual sewage disposal systems to post a surety bond in an amount of not less than ten thousand dollars ($10,000). You note that the Act also allows the State Board of Health[1]
to "increase by rule the amount of the designated representative or installer surety bond." You pose the following two questions in this regard:
 1. If the State Board of Health decides to increase the amount of said bond, does the Board have to first secure the approval of a designated committee of the General Assembly?
 2. If the State Board of Health decides to increase the amount of said bond, do they have the authority to increase the amount on a case by case basis or is any increase in said bond amount by the Board a blanket amount that is applicable to all designated representatives and installers?
RESPONSE
It is my opinion that the answer to your first question is "no," but any rule increasing the surety bond amount would be subject to the same legislative "review" procedure as any other administrative rule or regulation. See A.C.A. § 10-3-309 (Repl. 2002). In response to your second question, in my opinion the State Board has been delegated only the authority to increase the bond amount for designated representatives across the board or to increase the bond amount for installers across the board. The language of the Act indicates that the board may choose to treat designated representatives differently from installers with regard to increasing the bond amount, but that individuals within each of these two classes, designated representatives on the one hand, and installers on the other, must be treated similarly with regard to the bond amount.
Question 1 — If the State Board of Health decides to increase the amountof said bond, does the Board have to first secure the approval of adesignated committee of the General Assembly?
Act 1864 of 2005 amends A.C.A. § 14-236-119 to provide as follows:
 (a) The State Board Department of Health may shall require all designated representatives and installers to post a designated representative contractor's surety bond in an amount not less than ten thousand dollars ($10,000). The surety bond shall be provided by a surety company authorized to do business in the State of Arkansas and issued by an agent licensed in the State of Arkansas.
 (b) (1) The board State Board of Health may establish and promulgate rules establishing increase by rule the amount of the designated representative contractors' bonds, based on a designated representative's past performance or violations of the rules and regulations of this chapter, construction methods, and business practices or installer surety bond.
 (2) However, a bond under this section shall not be less than two thousand dollars ($2,000) unless exempted by other provisions under this chapter.
This statute contains no requirement as to legislative committee "approval" of an increase in the bond amount.[2] I should note, however, that a separate statute, A.C.A. § 10-3-309 (Repl. 2002), provides a comprehensive procedure for the "review" of administrative rules and regulations. That procedure involves the Arkansas Legislative Council and authorizes it to review "possible, proposed, or adopted rules and regulations" and to recommend to an appropriate committee of the General Assembly the enactment of statutes to improve the state agency's operation or to supersede a particular rule or regulation by statute. A.C.A. § 10-3-309(d)(1)(A) and (d)(3)(A). This provision, however, does not preclude "any committee of the General Assembly from reviewing a rule or regulation on its own motion or recommending that it be superseded in whole or in part by statute." A.C.A. § 10-3-309(d)(3)(B). In my opinion, therefore, although Act 1864 does not require the State Board of Health to get the "approval" of any legislative committee to increase the bond amount noted therein, any such rule will be subject to the "review" of appropriate committees of the General Assembly.[3]
Question 2 — If the State Board of Health decides to increase the amountof said bond, do they have the authority to increase the amount on a caseby case basis or is any increase in said bond amount by the Board ablanket amount that is applicable to all designated representatives andinstallers?
In my opinion the applicable statute, as amended, does not grant the State Board of Health any authority to make case-by-case increases in surety bond amounts. This is true for at least three reasons. First, the plain language of the provision dictates this result. It now states only that the State Board "may increase by rule the amount of the designated representative or installer surety bond." The plain language of this provision, which refers to "the" designated representative or installer surety "bond," refers to the "bond" in the singular and does not refer to individual bonds (plural). Second, prior to the amendment made by Act 1864, the statute granted the State Board the right to vary the amount of a designated representative's bond, depending upon his "past performance or violations of the rules and regulations of this chapter, construction methods, and business practices. . . ." This language was deleted from the newly amended statute, however, which imposes an across-the-board requirement for designated representatives and installers of a surety bond in an amount not less than $10,000. I cannot conclude in light of this legislative history that the amended statute provides any authority for the State Board to increase the bond amounts on an individual basis. If this had been the General Assembly's intention, it would have been easy to so state, or to retain some of the repealed language in this regard. Finally, the statute is now devoid of any standards or guidelines by which the State Board might determine how to base individual bond amount determinations. See footnote 3, supra. The absence of any such standards or guidelines as to how to vary or tailor the bond amounts for individual designated representatives or installers might call into question the constitutionality of any such varied amounts. See again,
footnote 3, supra. Statutes will be construed as constitutional if possible. See e.g., Bunch v. State, 344 Ark. 730, 43 S.W.3d 132 (2001).
That being said, the language of the statute might support different increases in the $10,000 bond amount for designated representatives as a class on the one hand, as opposed to installers as a class on the other. The language of the statute authorizes the State Board to "increase by rule the amount of the designated representative or installer surety bond." Emphasis added. The use of the word "or" in this provision, rather than the conjunction "and," in my opinion indicates an authorization to treat the two classes of 1) designated representatives, and 2) installers, differently for purposes of increasing the bond amount.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Act 1954 of 2005, § 4 transferred the State Board of Health to the newly named Department of Health and Human Services. The act provides, however, that the Board "shall retain exactly the same powers, duties and functions" as it had prior to the transfer, including rule-making authority.
[2] Legislative "approval" or rejection of administrative rules and regulation gives rise to constitutional "separation or powers concerns." See e.g., Op. Att'y. Gen. 2001-033.
[3] It is generally stated that: "[w]hile the General Assembly may not delegate its legislative authority, it may by providing guidelines, delegate `the power to determine certain facts, or the happening of a certain contingency, on which the operation of the statute is by its terms made to depend.'" Venhaus v. State ex rel Lofton, 285 Ark. 23,684 S.W.2d 252 (1985), citing Walden v. Hart, 243 Ark. 650, 420 S.W.2d 868
(1967). Most courts addressing a delegation of authority to an administrative agency to change a surety bond amount have upheld the challenged legislation. See e.g., Maryland Coal Realty Company v.Bureau of Mines, 193 Md. 627, 69 A.2d 471 (1949); Supreme Court v. GeroldStorage, Packing Moving Company, 370 Ill. 277, 18 N.E.2d 903 (1938);People ex rel. Rice v. Wilson Oil Company, 364 Ill. 406, 4 N.E.2d 847
(1936); Argo Oil Corporation v. Atwood, 247 Mich. 47, 264 N.W. 285
(1935); Gross v. Commonwealth, 256 Ky. 19, 75 S.W.2d 558 (1934);Indemnity Insurance Company v. Philippi, 48 Ohio App. 248, 192 N.E. 884
(1934); and State ex rel. Beek v. Wagener, 77 Minn. 483, 80 N.W. 633
(1899). But see, People v. Beekman Company, 347 Ill. 92, 179 N.E. 435
(1931).