STEEL CITY NATIONAL BANK OF CHICAGO, Plaintiff-Appellant, *v.* AETNA INSURANCE COMPANY, Defendant-Appellee.

First District (5th Division)   No. 82—1878

Opinion filed June 30, 1983.

Frederick S. Stein, of Chicago (Paul M. Seeley and Joel L. Chupack, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (Norman A. Miller, James T. Ferrini, Robert H. Mittelman, and Matthew B. Schiff, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order dismissing its complaint for damages for failure to state a cause of action. The sole issue on appeal is whether section 143.1 of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 755.1, effective January 1, 1982), applies retroactively to a claim previously barred by the insurance policy limitations.

Pertinent to the issue are the following facts.

Plaintiff, as mortgagee, was named as payee under a loss payable clause in a fire insurance policy purchased by Jihad and Youmana Jaouhairi from defendant to provide fire insurance protection for their two-story frame building in Chicago, Illinois. The coverage under the policy was effective from March 4, 1980, through March 4, 1981.

The insured property was destroyed by fire on June 11, 1980, and plaintiff filed a proof of loss claim with defendant on August 22, 1980. Defendant rejected the claim on February 21, 1981, and on August 21, 1981, plaintiff filed its two-count complaint against defendant alleging that defendant had wrongfully refused to pay the damages resulting from the fire.

Defendant's motion to dismiss was based upon a provision in the policy which provided that "[n]o suit or action on this policy for the recovery of any claim [will be allowed] unless all the requirements of this policy shall have been complied with and unless commenced within twelve months next after inception of the loss."

In response, plaintiff argued that section 143.1 of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 755.1, effective January 1, 1982) applied retroactively to toll the running of the one-year suit limitation provision. That statute provides in pertinent part:

"Whenever any policy or contract for insurance, except life, accident and health, fidelity and surety and ocean marine policies, contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date the proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part."

Following a hearing on the motion, the trial court granted defendant's motion to dismiss the complaint and plaintiff appeals.

OPINION

The sole issue on review is whether section 143.1 of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 755.1) should be applied retroactively to revive a claim previously barred by the suit limitation provision of the insurance policy.

Although both parties concede that the plaintiff's institution of suit on August 21, 1981, was barred by the provisions of the policy in effect at the time of suit, plaintiff first argues that defendant, as insurer, should not be allowed to reduce an insured's time in which to investigate the facts regarding a possible lawsuit by consuming a long period of time in its investigation of the claim.

■■ In the present case, the suit limitation provision in the plaintiff's fire insurance policy limited the time during which actions might be brought to one year from the date of the loss. While we note that defendant's investigation of the claim consumed approximately six months, or one-half of the time allowed, nonetheless it is clear that such a contractual limitation requiring suit to be brought within a specific period of time is valid if reasonable even though the period provided by a general statute of limitations as to suits on written contracts is longer. (*Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298.) As the supreme court stated in *Stofer v. Motor Vehicle Casualty Co.* (1977), 68 Ill. 2d 361, 369, 369 N.E.2d 875, "[a suit limitation clause] is but another provision of the standard policy, one of many that may effectively bar relief to the insured."

■■ Moreover, even where the insurer's delay in denying liability operates to hasten the expiration of the policy period for filing purposes, if the plaintiff has a reasonable time within which to institute suit he cannot raise estoppel as an excuse for not filing his action within the limitation period. *Salloum Foods & Liquor, Inc. v. Parliament Insurance Corp.* (1979), 69 Ill. App. 3d 422, 388 N.E.2d 23.

■■ Where, as here, plaintiff had almost four months within which to file a claim, we necessarily find that the action brought after the expiration of the one-year period is effectively barred.

Plaintiff, however, contends that section 143.1 (Ill. Rev. Stat. 1981, ch. 73, par. 755.1), which was enacted on September 1, 1981, and became effective on January 1, 1982, operates retroactively to toll the limitation period during the insurer's investigation of the claim.

Citing as authority for its position *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, plaintiff urges us that the enactment of the statute was merely procedural in nature, and, as such, should be applied retroactively, regardless of whether the action accrued before or after the effective date of the enactment.

In *Orlicki*, an amendment to the Liquor Control Act (Ill. Rev. Stat. 1949, ch. 43, par. 135) reduced the time for bringing suit from two years to one year, barring a wrongful death action which had been brought within the longer period in effect at the time of the plaintiff's injury but not within the shortened period in effect at the time suit was instituted. The court based its decision to apply the statute retroactively upon the wording of the amendment and the general rule that the time limitation was a procedural matter that should be governed by the law in force at the time of suit.

However, *Orlicki* and the cases relied upon therein all involved statutory amendments which decreased the time within which suit could be filed and are consequently distinguishable from an amendment which, as here, operates to increase the period of time limitation. (*Siltman v. City of Jacksonville* (1977), 44 Ill. App. 3d 874.) Hence, we find *Orlicki* to be inapposite to the case at bar.

In addition, we are not persuaded by plaintiff's argument that the legislature must have intended a retroactive application of section 143.1 of the Illinois Insurance Code because it did not add a savings clause to the statute. Even assuming, *arguendo*, that the legislature can, in certain cases, constitutionally revive previously barred contractually created remedies, such revival should not result unless the legislature expressly indicates that intention. *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161.

Since we find nothing in the language of the statute to indicate an express legislative intent to revive a claim which had been previously barred, we hold that section 143.1 of the Illinois Insurance Code is intended to apply only to those claims which have not been barred by any contractual suit limitation provision as of the effective date of the statute. In our opinion, an opposite construction would be subject to constitutional infirmity. Accordingly, we reject a retroactive construction of the statute.

In light of the foregoing, we find that the trial court properly dis-

missed plaintiff's complaint for failure to state a cause of action.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

WILSON, P.J., and MEJDA, J., concur.