HARRY WEISBERG *et al.*, Plaintiffs-Appellants, *v.* ROYAL INSURANCE COMPANY OF AMERICA, Defendant-Appellee.

First District (5th Division)   No. 83—2240

Opinion filed June 1, 1984.

Davidson & Schwartz, of Chicago (David Davidson and Roger V. McCaffrey, of counsel), for appellants.

Kiesler & Berman, of Chicago (Marvin D. Berman and Robert L. Kiesler, of counsel), for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiffs appeal from the dismissal of their action to recover an amount allegedly due them under a homeowner's insurance policy issued by defendant. The sole question before us is the applicability of section 143.1 of the Illinois Insurance Code (section 143.1) (Ill. Rev.

Stat. 1981, ch. 73, par. 755.1) to policies issued prior to that statute's effective date of January 1, 1982.

Plaintiffs and defendant entered into a contract of insurance covering damage or loss to plaintiffs' residence and various items of personal property, which included theft losses. The policy was renewed annually over an undisclosed period of time, the last renewal certificate being issued on March 4, 1981, for a one-year period ending March 4, 1982. Among the terms of that policy was a clause (the limitation clause) which provided in relevant part that "[n]o action shall be brought [against defendant] unless *** the action is started within one year after the occurrence causing loss or damage." Plaintiffs allegedly suffered a theft loss in the amount of $61,364 on June 26, 1981, and filed a proof of loss, as required under the terms of the policy, on August 25, 1981. For reasons not pertinent hereto, defendant in a letter dated April 27, 1982, rescinded the policy, and refunded the premiums paid thereunder.

Plaintiffs filed the instant action on October 15, 1982, and defendant moved for dismissal pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619) on the ground that the limitation clause barred any suit not commenced on or before June 26, 1982, one year after the occurrence which occasioned plaintiffs' loss. In response, plaintiffs assert that (a) defendant, by its conduct in investigating the claim and seeking to negotiate a settlement, had waived the limitation period or was estopped from relying thereon; and (b) their action was timely, because the one-year limitation period provided in the contract was tolled during the eight-month period between the filing of their proof of loss and defendant's denial of the claim, pursuant to section 143.1, which provides:

> "Whenever any policy or contract for insurance, except life, accident and health, fidelity and surety, and ocean marine policies, contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part."

After considering the pleadings, exhibits, affidavits, and arguments of the parties, the trial court found that plaintiffs had failed to allege any conduct by defendant which would constitute waiver of the limitation clause or estop it from relying thereon, and further ruled that section 143.1 was inapplicable to contracts or policies of insurance entered into before its effective date of January 1, 1982. The complaint was therefore dismissed, and this appeal followed.

OPINION

Plaintiffs appeal only from that portion of the order of dismissal which holds that section 143.1 is inapplicable, contending that the trial court erred as a matter of law in so ruling. In support of their position, they rely on cases which hold that a statutory amendment affecting only procedures or remedies, such as an amendment altering the time within which a claim must be filed, may be applied retroactively (see, *e.g., Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513), unless the claim in question was already barred on the effective date of the amendment (see, *e.g., Conner v. Copley Press, Inc.* (1984), 99 Ill. 2d 382, 459 N.E.2d 955), and they reason that, until this period has passed, no one has a "vested right" in the continuance of the existing law (see *People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, 373, 21 N.E.2d 318, 321). Plaintiffs argue that these cases, which concern statutory amendments, are equally applicable to statutory changes which affect limitations established by contract and, since defendant had no "vested right" in a contractual limitation period which had not expired as of January 1, 1982, section 143.1 may be applied retroactively to extend the time within which they must bring their action.

Recently, in *Steel City National Bank v. Aetna Insurance Co.* (1983), 116 Ill. App. 3d 7, 452 N.E.2d 65, we had occasion to consider the applicability of section 143.1 to claims arising prior to the statute's effective date. There, the contractual limitation period had expired prior to January 1, 1982, and we ruled that section 143.1 could not be applied retroactively to revive a claim which had been previously barred (116 Ill. App. 3d 7, 10, 452 N.E.2d 65, 67), citing *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 380 N.E.2d 782. Plaintiffs acknowledge that, in *Steel City*, we were concerned with a different factual situation; nevertheless, they assert that our decision therein is dispositive of the instant case, noting that our ruling was based on prior decisions concerning statutory, rather than contractual, limitation periods.

■■ ■ It is true that we did not attempt in that case to distinguish between limitations arising by contract and those established by statute; however, no distinction was made because none was necessary under the particular facts before us. The applicable principles regarding the retroactive application of statutes was set forth recently in *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390-91, 415 N.E.2d 1034, 1041-42, wherein the supreme court stated:

"In absence of express language declaring otherwise, an amendatory act is ordinarily construed as being prospective in

its operation. [Citations.] This general rule is based upon the principle that the legislature may not impair the obligation of contracts [citation] or interfere with vested substantive rights. [Citation.] However, in the absence of a saving clause, an amendatory act may be retroactively applied where the legislature so intended and where the statute affects the remedy or matters of procedure. When a change of law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure, without regard to whether they accrued before or after such change of law and without regard to whether or not the action has been instituted, unless there is a saving clause as to existing litigation. [Citations.] Changes in procedure or existing remedies will not be applied retrospectively, however, where a vested, constitutionally protected right will be deprived by such application."

In *Steel City*, there could be no question but that the insurer's rights were vested, whether they arose by contract or by statute, since the action therein was barred by the limitation provision before section 143.1 ever became effective. Therefore, we had no occasion to consider whether application of section 143.1 to policies issued prior to its effective date would be an unconstitutional impairment of the obligation of contracts, or whether an insurer has a "vested right" in a contractual limitation period prior to its expiration. We now reach those questions, which were not addressed in *Steel City*.

■■ Initially, we note that, just as with any other type of contract, it is generally held that statutory provisions applicable to insurance policies, which are in existence at the time the policy is issued, are treated as part of the agreement. (*DC Electronics, Inc. v. Employers Modern Life Co.* (1980), 90 Ill. App. 3d 342, 413 N.E.2d 23; *Harper v. City Mutual Insurance Co.* (1978), 67 Ill. App. 3d 694, 385 N.E.2d 75.) Thus, under the law as it existed on March 4, 1981, when the policy in question was issued, there was no statutory provision which would have operated to extend a contractual limitation period, and such limitations had been expressly found not contrary to public policy (*McMahon v. Millers National Insurance Co.* (1971), 131 Ill. App. 2d 339, 266 N.E.2d 714) and therefore valid and enforceable, if reasonable (*O'Brien v. Country Mutual Insurance Co.* (1969), 105 Ill. App. 2d 21, 245 N.E.2d 30), unless the insurer, by its conduct, was precluded from asserting the limitation clause as a defense (*Florsheim v. Travelers Indemnity Co. of Illinois* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223; *Salloum Foods & Liquor, Inc. v. Parliament Insurance Co.* (1979), 69 Ill. App. 3d 422, 388 N.E.2d 23). The parties here con-

tracted in the light of that existing law, and there was nothing in the statutes or in case law which would have made their agreement subject to later changes in the law; to the contrary, there were cases holding that subsequent enactments were not a part of policies issued prior to their effective dates (see, *e.g.*, *Smiley v. Estate of Toney* (1968), 100 Ill. App. 2d 271, 241 N.E:2d 116). Therefore, it appears that the parties did not contract with the understanding that future changes in insurance law would alter the terms of their agreement, and it is our view that application of section 143.1 to this policy would have the effect of impairing the obligations thereof.

■ Plaintiffs contend, however, that the subject matter of the limitation clause, which they characterize as merely affecting their remedies under the contract, somehow distinguishes it from cases which hold that statutes may not be applied retroactively where they would impair the obligation of contracts. We disagree. In *Dickirson v. Pacific Mutual Life Insurance Co.* (1925), 319 Ill. 311, 150 N.E. 256, the supreme court considered the applicability of a statute governing the issuance and conditions of insurance policies, which became effective on January 1, 1916 (the standard provisions statute). There, the policy in question had been originally issued in 1910, approximately six years before the statute's effective date, and contained a six-month limitation on the commencement of actions thereunder. The standard provisions statute fixed a minimum two-year limitation on the filing of actions, and the supreme court held that the latter period was applicable because the policy had been renewed several times after the statute's effective date, ruling that a renewal of a policy was in, in effect, a new insurance contract made subject to then-existing statutes. However, the court also noted that "[i]f the policy sued upon was issued in 1910 [without annual renewals] the Standard Provisions statute cannot be held to apply, for *** the legislature has no power to change or vary the terms of a contract of this character." (319 Ill. 311, 314, 150 N.E. 256, 257.) Thus, contrary to plaintiffs' assertions, statutes which would serve to alter a contractual limitation period are not exempt from the general constitutional principle that the legislature may not enact laws which impair the obligation of contracts.

Other courts have also found that statutes which extend a contractual limitation period are not merely remedial, but constitute an impairment of the obligations of the contract. For example, in *Home Insurance Co. v. Dick* (1930), 281 U.S. 397, 74 L. Ed. 926, 50 S. Ct. 338, the Supreme Court considered whether a Texas statute declaring invalid any contractual limitation period shorter than two years could be applied to a foreign contract of insurance containing a one-year

limitation period. The insured there argued that the statute did not impair the obligations of the contract, analogizing it, as plaintiffs do here, to the lengthening of a statutory limitation period. The Supreme Court, however, ruled that the statute could not be applied to contracts which were neither made nor performed in Texas, noting:

> "The cases relied upon, in which it was held that a State may lengthen its statute of limitations, are not in point. [Citations.] In those cases, the parties had not stipulated a time limit for the enforcement of their obligations. *It is true that a State may extend the time within which suit may be brought in its own courts, if, in doing so, it violates no agreement of the parties.* And, in the absence of a contractual provision, the local statute of limitations may be applied to a right created in another jurisdiction even where the remedy in the latter is barred. In such cases, the rights and obligations of the parties are not varied. *When, however, the parties have expressly agreed upon a time limit on their obligation, a statute which invalidates the agreement and directs enforcement of the contract after the time has expired increases their obligation and imposes a burden not contracted for.*" (Emphasis added.) (281 U.S. 397, 408-09, 74 L. Ed. 926, 934, 50 S. Ct. 338, 341-42.)

Thus, where a statute affects a contractual rather than a statutory limitation period, it has the effect of altering a mutually agreed upon term of the contract, and cannot be considered a mere change in statutory remedy or procedure.

■ Plaintiffs further argue that, since no right to assert the defense of the contractual limitation period had arisen under the policy at the time section 143.1 became effective, defendant had no "vested right" therein which would be impaired by retroactive application of the statute. We do not find this reasoning persuasive, since as noted, statutes may not be applied retrospectively if they would either impair the obligation of contracts *or* interfere with vested rights. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034.) Moreover, similar reasoning was rejected recently in *McAleer Buick-Pointiac Co. v. General Motors Corp.* (1981), 95 Ill. App. 3d 111, 419 N.E.2d 608, wherein the court noted that rights under a contract become "vested," for purposes of the retroactive application of a statute, when the contract is entered into, rather than when rights thereunder are asserted. There, the parties had entered into a franchise agreement under which either party could elect not to extend the agreement· upon its expiration. Subsequently, the Motor Vehicle Franchise Act (Ill. Rev. Stat. 1979, ch. 121½, par. 751 *et seq.*) was

adopted, and provided that it was a violation thereof "to fail or refuse to extend the franchise or selling agreement of a motor vehicle dealer upon its expiration without good cause ***." (Ill. Rev. Stat. 1979, ch. 121½, par. 754(d)(5).) The defendant, without stating any reason, had notified the plaintiff that the franchise agreement would not be renewed upon its expiration, and the plaintiff sought injunctive relief, arguing that the act was applicable because the conduct sought to be enjoined occurred after the effective date of the act. The court held that the act in question was inapplicable, stating:

"The Illinois Supreme Court has defined a retroactive law as:

' "*** one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past." ' (*United States Steel Credit Union v. Knight* (1965), 32 Ill. 2d 138, 142, 204 N.E.2d 4, 6.)

Thus, retroactivity is defined in terms of the effect a law would have on vested contractual rights, not in terms of the time when a party happens to assert those rights.

At the time this franchise agreement was entered, there was no statute forbidding nonrenewal of it without showing good cause. Nor was there case law to that effect. *** Thus, when GMC and McAleer entered this agreement, each party acquired the right to refuse to renew it without showing good cause. To require GMC to make such a showing would impose a new duty in respect of a transaction already past and would therefore constitute retroactive application of the Illinois Motor Vehicle Franchise Act.

***

The rule against giving a statute retroactive application is grounded at least in part upon the constitutional guarantee against the impairment of the obligation of contracts—a guarantee that could be violated if a law enacted subsequent to a party's acquiring constitutional rights were applied to that contract." (*McAleer Buick-Pontiac Co. v. General Motors Corp.* (1981), 95 Ill. App. 3d 111, 113-14, 419 N.E.2d 608, 610.)

Similarly, here, defendant acquired a right under the policy, *i.e.*, a right to have suit brought, if at all, within one year of the date of loss, and there was no statute or case law restricting that right at the time the policy was issued. Application of section 143.1, under these circumstances, would attach a new disability to defendant's contractual right, and it is immaterial that it did not have occasion to assert

that right prior to the effective date of section 143.1. Its right to do so was "vested," within the meaning of the rule against retroactive application of statutes, when the policy was issued.

■ It is therefore our view that, if section 143.1 is construed as applying to policies enacted before its effective date, it would be invalid. Of course, where possible, we must avoid any construction which would render a statute invalid. (*Laffoon v. Bell & Zoller Coal Co.* (1976), 65 Ill. 2d 437, 359 N.E.2d 125.) In the instant case, any constitutional infirmity is avoided by simply construing section 143.1 as prospective in operation, since, as the supreme court noted in *Schewe v. Glenn* (1922), 302 Ill. 462, 466-67, 134 N.E. 809, 810-11:

> "A statute tending to impair the obligation of a contract may be invalid as to contracts existing at the time of its passage but valid as to future contracts. The law existing at the time a contract is made becomes a part of it, and the constitutional provision has reference only to a statute enacted after the making of a contract. We believe these rules are universally applied by the courts. *** '*** The State, therefore, may legislate as to future contracts as it may see fit, and, accordingly, if a law is prospective, only, it is valid. ***' "

There is nothing within the language of this statute to indicate that the legislature intended retroactive application thereof, and we therefore will adopt that construction which renders it valid and hold that section 143.1 is prospective only, and may not be applied to policies issued prior to its effective date of January 1, 1982.

For the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

MEJDA, P.J., and LORENZ, J., concur.