NORMA BOYD, Plaintiff-Appellee, v. MADISON MUTUAL INSURANCE COMPANY *et al.*, Defendants-Appellants.

Fifth District   No. 5—85—0749

Opinion filed August 14, 1986.

WELCH, J., dissenting.

Walker & Williams, P.C., of Belleville (Dale L. Bode, of counsel), for appellant Madison Mutual Insurance Company.

Michael B. Constance, of Donovan, Hatch & Constance, P.C., of Belleville, for other appellants.

James H. Bandy, Ltd., and R. W. McGovern, Ltd., both of Fairview Heights (Margaret Finan, of counsel), for appellee.

JUSTICE HARRISON delivered the opinion of the court:

This action for declaratory judgment is before the court on a permissive interlocutory appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308). The question of law presented for our consideration is whether section 143a—2(7) of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(7)), which became effective on January 1, 1985, applies retroactively to a claim made under an automobile insurance policy last renewed in December 1983 for damages resulting from bodily injury sustained by the insured in an accident which occurred on February 23, 1984. The pertinent facts follow.

Plaintiff, Norma Boyd, alleges that on February 23, 1984, she was riding as a passenger in an automobile driven by her husband when

that automobile collided with a car driven by defendant Richard M. Muir. The collision took place at or near the intersection of Illinois State Route 157 and Illinois State Route 13 in St. Clair County. On the date of the collision, defendant Muir had in full force and effect a policy of automobile insurance issued by defendant State Farm Insurance Company (State Farm). That policy contained coverage for bodily injury claims with a limit of liability of $15,000 per person. The automobile in which plaintiff was riding was insured under an automobile liability policy issued to plaintiff by defendant Madison Mutual Insurance Company (Madison Mutual). The Madison Mutual policy, last renewed by plaintiff for a six-month period beginning December 1, 1983, contained underinsured-motorist coverage for bodily injury claims with a limit of $100,000 per person.

On October 16, 1984, plaintiff filed a negligence action against defendant Muir in the circuit court of St. Clair County seeking in excess of $15,000 in damages for the injuries she sustained in the February 23, 1984, collision. Defendant State Farm offered to settle the cause on defendant Muir's behalf by tendering to plaintiff the $15,000 limit of Muir's insurance policy, but that offer was contingent on plaintiff's executing a release of liability. Plaintiff wanted to accept the offer. She also wanted to make sure that she could obtain payment from defendant Madison Mutual pursuant to the underinsured-motorist provision of her policy for any damages she sustained in excess of the settlement amount. The problem was that her policy grants Madison Mutual rights of subrogation as a condition of such payments and requires the plaintiff do nothing to prejudice those rights. There is no dispute that execution of the release required by State Farm would have jeopardized Madison Mutual's subrogation rights in contravention of the policy's terms. Although Madison Mutual had the option of waiving its contractual subrogation rights, it expressly declined to do so. Accordingly, plaintiff could not accept State Farm's settlement offer without risking loss of the benefits of the uninsured-motorist coverage provided by her Madison Mutual policy.

Effective January 1, 1985, section 143a—2 of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2) governing underinsured-motorist coverage, was amended to include the following provision:

> "(7) Subrogation against underinsured motorists. No insurer shall exercise any right of subrogation under a policy providing additional uninsured motorist coverage against an underinsured motorist where the insurer has been provided with written no-

tice in advance of a settlement between its insured and the underinsured motorist and the insurer fails to advance a payment to the insured, in an amount equal to the tentative settlement, within 30 days following receipt of such notice.''

On January 20, 1985, plaintiff sent a demand letter to Madison Mutual pursuant to this provision notifying it of State Farm's settlement offer and requesting, *inter alia*, that Madison Mutual advance to her within 30 days a sum equivalent to the settlement offer ($15,000) in order to preserve any subrogation rights it might have. The letter further requested that Madison Mutual pay plaintiff an additional $85,000, *i.e.*, the balance of her policy limits, in accordance with her policy's underinsured-motorist coverage. These requests were refused. On June 6, 1985, plaintiff therefore filed a complaint for declaratory judgment against defendants Madison Mutual, State Farm and Muir to obtain a determination by the court as to the parties' rights and obligations under plaintiff's policy with Madison Mutual in light of the aforementioned amendment to section 143a—2.

Although neither Muir nor State Farm opposed the relief sought by plaintiff, defendant Madison Mutual promptly moved to dismiss, arguing that plaintiff's complaint was "improper" and failed to state a cause of action. When that motion was denied, defendant Madison Mutual filed a second motion to dismiss, raising the additional argument that section 143a—2(7) of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(7)) should be applied prospectively only and is therefore inapplicable to plaintiff's claim under her Madison Mutual policy to recover payments for the bodily injuries she sustained in the February 23, 1984, collision involving defendant Muir. Madison Mutual's second motion was also denied. At Madison Mutual's request, however, the circuit court certified in writing that its orders denying Madison Mutual's motions to dismiss involved a question of law as to which there was substantial ground for difference of opinion and that an immediate appeal from those orders might materially advance the ultimate termination of the litigation. Madison Mutual then applied for leave to appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308). Leave was granted by this court on December 16, 1985, and the matter is now before us for review.

■ The question of law identified by the circuit court and presented for our consideration is, as indicated at the outset of this opinion, whether section 143a—2(7) of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(7)), applies retroactively to plaintiff's claim under her Madison Mutual policy for damages resulting from the bodily injuries she sustained in the automobile accident with

defendant Muir. For the reasons which follow, we find that it does not so apply.

In the absence of express language declaring otherwise, new statutes and amendments to statutes are ordinarily given only prospective application. (*Economy Fire & Casualty Co. v. Green* (1985), 139 Ill. App. 3d 147, 149, 487 N.E.2d 100, 102.) A reading of the amendment in question here reveals no indication that it was intended to apply other than prospectively. Plaintiff nevertheless argues that section 143a—2(7) should be given retroactive effect on the theory that it is concerned simply with the procedure which must be followed in order to protect an insurer's subrogation rights. In support of this view, plaintiff relies on *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390, 415 N.E.2d 1034, 1042, *cert. denied* (1981), 451 U.S. 921, 68 L. Ed. 2d 312, 101 S. Ct. 2000, where our supreme court held:

> "When a change of law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure, without regard to whether they accrued before or after such change of law and without regard to whether or not the action has been instituted, unless there is a saving clause as to existing litigation."

*Maiter* further recognized, however, that not even changes in procedure or existing remedies will be applied retroactively where a vested, constitutionally protected right will be deprived by such application. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390-91, 415 N.E.2d 1034, 1042.) We believe this to be such a case.

*Maiter* involved an amendment to a statute governing the procedure for selection of principals for the Chicago public school system. In determining that the amendment could be applied retroactively, the court reasoned that no vested rights would be defeated because the candidates affected had no right or entitlement to a principalship, a public office. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 391, 415 N.E.2d 1034, 1042.) Here, by contrast, the statutory amendment affects the rights and obligations of plaintiff and Madison Mutual under a contractual agreement, the policy of insurance. This distinction is fundamental.

■■ ■ Pursuant to article I, section 10, of the United States Constitution (U.S. Const., art. I, sec. 10), the legislature may not impair the obligations of contracts. (See *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390, 415 N.E.2d 1034, 1042; *McAleer Buick-Pontiac Co. v. General Motors Corp.* (1981), 95 Ill. App. 3d 111, 113-14, 419 N.E.2d 608, 610.) As with any other type of contract, statutory provisions applicable to insurance policies which are in

effect at the time the policy is issued or renewed are treated as part of the agreement. (*Weisberg v. Royal Insurance Co.* (1984), 124 Ill. App. 3d 864, 868, 464 N.E.2d 1170, 1173.) Correspondingly, whatever version of the applicable statutory provisions is in force when the policy is issued or renewed determines any questions arising under that policy and is normally controlling throughout the policy's term. (*Coronado v. Fireman's Fund Insurance Co.* (1985), 131 Ill. App. 3d 450, 453, 475 N.E.2d 1048, 1051.) Subsequent enactments will not be construed as part of policies issued or renewed prior to their effective dates. (See, *e.g., Smiley v. Estate of Toney* (1968), 100 Ill. App. 2d 271, 276, 241 N.E.2d 116, 118-19.) This is so even if the subject matter of those enactments may be characterized as affecting matters of remedy or procedure under the policy. See *Weisberg v. Royal Insurance Co.* (1984), 124 Ill. App. 3d 864, 869-70, 464 N.E.2d 1170, 1173-74.

■ When plaintiff's policy was renewed in December 1983 no statute or case law existed requiring an insurer to advance payment to its insured in an amount equal to a tentative settlement offer between its insured and an underinsured motorist in order to protect its rights of subrogation, as does section 143a—2(7). As our previous discussion suggests, there was likewise nothing in the statutes or case law which would have made the policy subject to subsequent statutory enactments. Plaintiff and Madison Mutual contracted in light of these circumstances, and the policy reflects no understanding that future changes in insurance law would alter the terms of their agreement. Thus, the rights of subrogation acquired by Madison Mutual were not contingent on advancing payments to plaintiff where settlement had been offered to plaintiff by an underinsured motorist. Those rights became vested upon the policy's renewal. (See *Weisberg v. Royal Insurance Co.* (1984), 124 Ill. App. 3d 864, 870, 464 N.E.2d 1170, 1173.) Retroactive application of section 143a—2(7) to the policy would therefore impose an additional obligation on Madison Mutual to which it had not agreed, in derogation of its vested contractual rights and in violation of the constitutional prohibition against impairment of contracts. To avoid this constitutional infirmity, we must therefore conclude that section 143a—2(7) does not apply to plaintiff's policy under the circumstances present in this case. See 124 Ill. App. 3d 864, 872, 464 N.E.2d 1170, 1175.

For the foregoing reasons, the orders of the circuit court of St. Clair County denying defendant Madison Mutual's motions to dismiss are reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JONES, J., concurs.

JUSTICE WELCH, dissenting:

I disagree with the majority in this case. The question before this court is whether the amended section 143a—2(7) of the Illinois Insurance Code impairs the existing contractual obligations between the plaintiffs and Madison Mutual or creates a new obligation in the contract, and as such prohibits the court from retroactively applying it. (Ill. Rev. Stat. 1983, ch. 73, par. 755a—2(7).) I find that it does neither. Thus, the trial court may apply it retroactively.

Statutory provisions which are applicable to insurance policies and in effect at the time the policy is issued or renewed are treated as part of the agreement (*Weisberg v. Royal Insurance Co.* (1984), 124 Ill. App. 3d 864, 868, 464 N.E.2d 1170, 1173.) Furthermore, subsequent statutory provisions may be given retroactive effect if they merely affect remedy or procedures. These subsequent amendments will then "be enforceable under the new procedure, without regard to whether they accrued before or after such change of law." (*Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, 270-71, 470 N.E.2d 615, 622-23.) Only where the amended statute impairs an obligation or a substantive right in the preexisting contract the court may not apply that statute retroactively. (*McAleer Buick-Pontiac Co. v. General Motors Corp.* (1981), 95 Ill. App. 3d 111, 113-14, 419 N.E.2d 608, 610.) While the prohibition against such acts by the legislature is constitutionally protected (U.S. Const., art I, sec. 10), a statute which affects a substantive right may be applied retroactively if "a contrary intent is expressed or clearly implied by the language therein or the circumstances surrounding its enactment." *Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, 271, 470 N.E.2d 615.

In this case, at the time the insurance policy at issue was renewed, section 143a—2(5) of the Illinois Insurance Code provided:

"On or after July 1, 1983, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed *** unless underinsured motorist coverage is included ***." (Ill. Rev. Stat. 1983, ch.73, par. 755a—2(5).)

Under the enacted statutory provision, the insurance company acquired new liability for underinsured motorists which the parties subsequently included in their contract at the time of the policy renewal

in November 1983. However, neither the statute nor the policy in question provided a procedure in which the insured may collect on the policy. Realizing this dilemma in which an insured may be placed as in this case, the legislature enacted an amendment to section 143a–2 which became effective January 1, 1985. (Ill. Rev. Stat. 1985, ch. 73, par. 755a–2(7).) The new amendment provides:

> "(7) Subrogation against underinsured motorists. No insurer shall exercise any right of subrogation under a policy providing additional uninsured motorist coverage against an underinsured motorist where the insurer has been provided with written notice in advance of a settlement between its insured and the underinsured motorist and the insurer fails to advance a payment to the insured, in an amount equal to the tentative settlement, within 30 days following receipt of such notice."

In order to provide a harmonious meaning to the amended section 143a–2, each provision of the statute must be construed in relation to the other provisions. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 389, 390, 415 N.E.2d 1034, 1041, *cert. denied* (1981), 451 U.S. 921, 68 L. Ed. 2d 312, 101 S. Ct. 2000.) In this statute, the intent of the legislature is clearly implied by the language. The legislature intended to affect all insurance contracts with underinsured-motorists provisions whether or not they were entered into prior to January 1, 1985.

However, the majority states that any subsequent enactment will not be construed as part of the policy issued or renewed prior to the effective date even if the subject matter of those enactments may be characterized as matters of remedy or procedure under the policy. In arguing its position the majority cites *Weisberg v. Royal Insurance Co.* (1984), 124 Ill. App. 3d 864, 464 N.E.2d 1170, 1173.) In *Weisberg*, the court stated that where a new statute extends liability such as a new and longer statute of limitations, the amended statute cannot be applied retroactively in a contract made prior to the new statute. Only where the parties renewed the insurance contract after the statute's effective date will the new statute become effective. Further, the court stated that where a statute invalidates an agreement's provision and substitutes its own time period for liability, the statute imposes a new liability, obligation and burden and as such, the statute alters a mutually agreed upon term of the contract and cannot be a mere change in a statutory remedy or procedure. Thus, the court held that where a procedure alters a substantive right the court may not apply it retroactively.

In this case, the procedure in the amended statute neither creates

a new liability, imposes a new burden, nor alters a substantive right. The duty to pay has not been extended or changed in any way. To hold otherwise, I find, would permit this court to commit a reprehensible fraud upon such policyholders who are duty bound to pay premiums for this coverage while the insurance companies place policyholders into a Catch-22 situation when collecting on an underinsured-motorist claim. It is not until renewal of the insurance policy after the effective date of the amended statute will the policyholders' situation be remedied.

For the foregoing reasons, I would affirm the orders of the circuit court of St. Clair County.