No. 2--07--0094        Filed: 8-31-07

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 06--AR--1687 |
| LORRAINE KING, | ) ) ) | Honorable Kenneth A. Abraham, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE CALLUM delivered the opinion of the court:

Plaintiff, American Family Mutual Insurance Company, filed a complaint in the circuit court of Du Page County against defendant, Lorraine King, seeking a trial on defendant's claim under the uninsured motorist coverage of a policy that plaintiff issued to her on June 5, 2003. The claim arose from a motor vehicle accident on July 22, 2003, and according to the complaint, it was submitted to a private arbitration proceeding that resulted in an award of $39,000 to defendant. Defendant moved to dismiss the complaint, pursuant to section 2--619 of the Code of Civil Procedure (735 ILCS 5/2--619 (West 2006)), on the basis that, under the terms of the policy, the arbitration award was binding. The trial court granted the motion and this appeal followed. We reverse and remand.

The policy provides that "[i]f any arbitration award exceeds the minimum limit of the Illinois Safety Responsibility Law, either party has a right to trial on all issues in any court having jurisdiction." The policy further provides that any arbitration award not exceeding the minimum

limit of the "Illinois Safety Responsibility Law" is binding. Chapter 7 of the Illinois Vehicle Code (625 ILCS 5/7--101 et seq. (West 2006)), which is known as the Illinois Safety and Family Financial Responsibility Law, prohibits operation of a motor vehicle without liability insurance. See 625 ILCS 5/7--601 (West 2006). At all relevant times--both when the policy was issued and at the time of the accident--section 7--203 of the Illinois Safety and Family Financial Responsibility Law (625 ILCS 5/7--203 (West 2006)) required insurance coverage of at least $20,000 for bodily injury to, or the death of, a single person.

In her motion to dismiss, defendant asserted that "at the time of the arbitration award, the Illinois Safety Responsibility Law's minimum limits were $50,000.00." In support of this assertion, however, defendant did not cite the Illinois Safety and Family Financial Responsibility Law. Instead, she cited section 143a(1) of the Illinois Insurance Code (215 ILCS 5/143a(1) (West 2006)). At the time the policy was issued and at the time of the accident, section 143a(1) provided that the decision of a panel of arbitrators on an uninsured motorist coverage claim "shall be binding for the amount of damages not exceeding the limits for bodily injury *** set forth in Section 7--203 of the Illinois Vehicle Code." 215 ILCS 5/143a(1) (West 2002). However, pursuant to an amendment that took effect after the accident (see Pub. Act 93--485, §5, eff. January 1, 2004), section 143a(1) now provides that "[a]ny decision made by the arbitrators shall be binding for the amount of damages not exceeding $50,000 for bodily injury to or death of any one person." 215 ILCS 5/143a(1) (West 2004).

The court interpreted the policy to mean that a party's right to a jury trial after an arbitration award depended on whether the award exceeded the minimum limit under the Illinois Safety and Family Financial Responsibility Law in effect at the time of the award (not the limit in effect when

the policy was issued or when the accident occurred). Whether that interpretation is correct is of no consequence because the minimum limit under that law never changed. However, laboring under the mistaken impression (fostered by defendant) that the minimum limit had increased to $50,000, the trial court ruled that plaintiff was not entitled to a jury trial. There appears to be no dispute on appeal that, under the terms of the policy, plaintiff was entitled to a jury trial because the $39,000 arbitration award exceeded the $20,000 minimum limit for bodily injury coverage under the Illinois Safety and Family Financial Responsibility Law. Rather, the issue before us is how to resolve the conflict between the terms of the policy and section 143a(1), which currently provides that an arbitration award not exceeding $50,000 for bodily injury is binding.

Plaintiff acknowledges that, had it issued or renewed its policy after the effective date of the amendment to section 143a(1), that statute would govern. However, when the policy was issued in 2003, there was no conflict; both the policy and section 143a(1) permitted a jury trial if the arbitration awarded exceeded the minimum limit for bodily injury coverage under the Illinois Safety and Family Financial Responsibility Law. Plaintiff argues that the retroactive application of the amendment to section 143a(1) would violate the constitutional prohibition against laws impairing the obligations of contracts. Ill. Const. 1970, art. I, §16. In support of its argument, plaintiff cites Prudential Property & Casualty Insurance Co. v. Scott, 161 Ill. App. 3d 372 (1987), and Coronado v. Fireman's Fund Insurance Co., 131 Ill. App. 3d 450 (1985). In Scott, the court relied on the constitutional prohibition against laws impairing the obligations of contracts to hold that a statute limiting the scope of "family exclusion" clauses in automobile insurance policies could not be applied to a policy issued before the law took effect. Coronado held that a statute increasing the minimum limit for uninsured motorist coverage could not be applied to a policy issued before the

effective date of the statute, absent express language setting forth the legislature's unequivocal intention that the statute be applied retroactively.

Defendant argues that Scott and Coronado are inapposite because they involved statutes affecting substantive rights under insurance policies. According to defendant, the amendment to section 143a(1) was procedural and may be applied retroactively. Defendant relies primarily on Schweickert v. AG Services of America, Inc., 355 Ill. App. 3d 439 (2005). In Schweickert, the plaintiffs owned farmland that they leased, and the defendant had lent money to the plaintiffs' lessee. The plaintiffs sought a declaratory judgment that their statutory landlord's liens on growing crops had priority over the defendant's perfected security interest and argued that an amended statute applied retroactively. After outlining a three-part inquiry for determining the retroactivity of a statutory amendment, comparing substantive and procedural amendments, and finding that "[o]nly those amendments that are procedural in nature may be applied retroactively," the appellate court agreed. Schweickert, 355 Ill. App. 3d at 442.

Defendant's reliance on Schweickert is misplaced. The retroactivity analysis in Schweickert did not involve any issue concerning the impairment of an obligation under a contract. The plaintiffs and the defendant in Schweickert had no contractual relationship with one another and the procedural matters at issue were not rights under a contract. Schweickert stands for the proposition that the distinction between substance and procedure is germane to the general analysis of the retroactivity of a statutory amendment. Schweickert is not authority, however, that the constitutional prohibition of the impairment of contractual obligations is limited to "substantive obligations."

In Weisberg v. Royal Insurance Co. of America, 124 Ill. App. 3d 864 (1984), the court rejected an argument similar to the one defendant advances in this case. In Weisberg, the plaintiffs

filed suit against their insurance carrier, seeking recovery under their homeowner's insurance policy for a theft loss that occurred on June 26, 1981. The plaintiffs had renewed the policy for a one-year period in March 1981. The policy contained a limitations period barring any suit against the insurance carrier not filed within one year of the occurrence causing the loss. The plaintiffs filed a proof of loss with the insurer in August 1981, but in April 1982, the insurer rescinded the policy. The plaintiffs then filed suit on October 15, 1982, and the insurer moved to dismiss the suit as barred by the policy's limitations period. The plaintiffs responded that the time for filing suit was tolled by section 143.1 of the Illinois Insurance Code (215 ILCS 5/143.1 (West 2006)), which took effect on January 1, 1982. Section 143.1 provides that "[w]henever any policy or contract for insurance *** contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed *** until the date the claim is denied in whole or in part." 215 ILCS 5/143.1 (West 2006). The trial court ruled that this provision did not apply to insurance policies issued before its January 1, 1982, effective date.

On appeal, the plaintiffs relied on cases holding "that a statutory amendment affecting only procedures or remedies, such as an amendment altering the time within which a claim must be filed, may be applied retroactively." Weisberg, 124 Ill. App. 3d at 867. The plaintiffs argued that the cases they relied on were equally applicable to "statutory changes which affect limitations established by contract." Weisberg, 124 Ill. App. 3d at 867. The Weisberg court rejected the argument, holding that "statutes which would serve to alter a contractual limitation period are not exempt from the general constitutional principle that the legislature may not enact laws which impair the obligation of contracts." Weisberg, 124 Ill. App. 3d at 869. The Weisberg court observed that " '[t]he rule against giving a statute retroactive application is grounded at least in part upon the

constitutional guarantee against the impairment of the obligation of contracts--a guarantee that could be violated if a law enacted subsequent to a party's acquiring constitutional rights were applied to that contract.' " Weisberg, 124 Ill. App. 3d at 871, quoting McAleer Buick-Pontiac Co. v. General Motors Corp., 95 Ill. App. 3d 111, 113-14 (1981). The court further noted that "rights under a contract become 'vested,' for purposes of the retroactive application of a statute, when the contract is entered into, rather than when the rights thereunder are asserted." Weisberg, 124 Ill. App. 3d at 870. Thus, the Weisberg court reasoned that the insurer's right to limit the insured's time for filing suit became vested when the policy was issued and could not be impaired by subsequent legislation.

Although Weisberg dealt specifically with a contractual limitations period, from an analytical standpoint the opinion supports the proposition that the constitutional prohibition against laws impairing contractual obligations does not differentiate between substantive and procedural obligations. Accord Boyd v. Madison Mutual Insurance Co., 146 Ill. App. 3d 420, 425 (1986), aff'd, 116 Ill. 2d 305 (1987) (enactments that take effect after the issuance or renewal of an insurance policy do not become a part of the policy, "even if the subject matter of those enactments may be characterized as affecting matters of remedy or procedure under the policy").

Here, the parties bargained for the right to a trial on all issues if arbitration produced an award exceeding the minimum policy limit under the Illinois Safety and Family Financial Responsibility Law. As stated above, Weisberg establishes that the parties had a constitutional right to preserve the terms of the contract. Thus, the subsequent amendment to section 143a(1) of the Illinois Insurance Code cannot be given effect to impair this contractual right. Accordingly, the trial court erred in dismissing the suit.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed and the case is remanded for further proceedings.

Reversed and remanded.

O'MALLEY and ZENOFF, JJ., concur.